

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00037-CV

IN THE MATTER OF THE MARRIAGE OF
AMANDA CARTER AND PHILIP CARTER AND
IN THE INTEREST OF K.C. AND K.C., CHILDREN

On Appeal from the 278th District Court
Madison County, Texas
Trial Court No. 21-17075

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Philip Carter appeals the final decree of divorce entered by the 278th Judicial District Court of Madison County.[1]  Philip asserts that the trial court erred by (1) not allowing him to take the deposition of Amanda Carter, (2) not granting him a continuance, (3) denying him a trial by jury, and (4) proceeding with the trial in violation of his Fifth Amendment rights because Philip had pending criminal charges.  Because Philip failed to preserve his second and fourth issues and failed to adequately brief his first and third issues, we will affirm the trial court's judgment.

## I.    Issues Not Preserved

In Philip's second issue, he complains that the trial court erred by not granting him a trial continuance "when multiple criminal charges, directly related to all the issues presented in the divorce, [were] still pending in the same trial court."  In a related issue, Philip's fourth issue complains that the trial court violated his Fifth Amendment rights by proceeding with the trial when "Phillip [sic] . . . could not testify due to current pending [criminal] charges."[2]

---

[1]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).  We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]Philip asserts that he "never actually asserted his Fifth Amendment privilege in response to a question" and that the trial court ruled that Philip "would have to either make a blanket assertion of the privilege or waive it if he wished to continue testifying at all."  However, the record shows that Philip repeatedly invoked his Fifth Amendment privilege in response to individual questions asked by Amanda and that the trial court never required Philip to make a blanket assertion of privilege or to waive the privilege if he wanted to testify.  Rather, the trial court assured itself that Philip understood that he could assert his Fifth Amendment right not to answer on a question-by-question basis. *See In re T.B.*, 594 S.W.3d 773, 780 (Tex. App.—Waco 2019, no pet.) ("[B]lanket assertions of the privilege in civil cases are not permitted.  Instead, the privilege must be asserted on a question-by-question basis."  (citation omitted)).

Under Rule 33.1 of the Texas Rules of Appellate Procedure,

As a prerequisite to presenting a complaint for appellate review, the record must show that:

> (1)    the complaint was made to the trial court by a timely request, objection, or motion that:
>
> > (A)    stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
> >
> > (B)    complied with the requirements of the Texas Rules of Evidence or the Texas Rules of Civil or Appellate Procedure; and
>
> (2)    the trial court:
>
> > (A)    ruled on the request, objection, or motion, either expressly or implicitly; or
> >
> > (B)    refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX. R. APP. P. 33.1(a). "Even constitutional complaints can be waived absent a timely objection." *In re T.W.*, No. 10-22-00210-CV, 2022 WL 17834387, at *4 (Tex. App.—Waco Dec. 21, 2022, no pet.) (mem. op.) (citing *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155 n.10 (Tex. 2015)). Further, "[t]o preserve error for appellate review, a party's argument on appeal must comport with its argument in the trial court." *Foust v. Baylor Scott & White Health*, No. 10-20-00095-CV, 2022 WL 17341009, at *2 (Tex. App.—Waco Nov. 30, 2022, no pet.) (mem. op.) (citing *In re T.B.*, 594 S.W.3d at 782).

In the trial court, Philip filed a motion for a continuance in which he asserted that the continuance was needed in order to take Amanda's and her mother's depositions and to

"complete discover[y] of issues concerning the claims and defenses of the parties."[3]  Before the final hearing, Philip again asserted his motion for a continuance, maintaining that it was needed to complete discovery.  Philip's brief on appeal contains no citation to the record that shows he asserted that a continuance should have been granted because he had multiple criminal charges pending related to the issues in the divorce.  Because Philip's complaint on appeal does not comport with the complaint he made in the trial court, his second issue is not preserved for appellate review.  *See Foust*, 2022 WL 17341009, at *2.  We overrule Philip's second issue.

The record also shows that Philip never asserted a complaint in the trial court that the final hearing should not have proceeded because it violated his Fifth Amendment rights or that Philip was unable to testify about the characterization of property or other matters without waiving his Fifth Amendment rights.[4]  Because Philip did not make this complaint in the trial court, his fourth issue was not preserved for appellate review.  TEX. R. APP. P. 33.1(a).  We overrule his fourth issue.

## II. Waived Issues

"Our briefing rules instruct that a brief 'contain a clear and concise argument for the contentions made, with appropriate citations to authorities.'"  *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020) (per curiam) (quoting TEX. R. APP. P.

---

[3]The motion for a continuance was not supported by an affidavit.  *See* TEX. R. CIV. P. 251 (providing that a continuance shall not be "granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law").

[4]In his brief, Philip complains that he could not testify about "the majority of Amanda Carter's allegations" or about "the characterization of property and debts" because of the trial court's ruling that required him to make a blanket assertion of privilege or to waive the privilege if he wanted to testify.  As we previously noted, the record shows that the trial court did not make such a ruling.

38.1(i)). However, we are to construe briefs "liberally, but reasonably, . . . so that the right to appeal is not lost by waiver." *Id.* (quoting *Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019) (per curiam)). To that end, we are "to look not simply at the wording of parties' issues, but also the arguments, evidence, and citations relied on by those parties to determine which issues the parties intended to and actually briefed." *Id.* at 733 (citing *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 214 (Tex. 2020) (per curiam)). Nevertheless, "[a] brief must provide citations or argument and analysis for the contentions[,] and failure to do this can result in waiver." *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 126 (Tex. 2018) (citing TEX. R. APP. P. 38.1(i), 38.2(a)(1); *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015)); *see In re T.B.*, 641 S.W.3d 535, 539 (Tex. App.—Waco 2022, pet. denied).

In his first issue, Philip complains that the trial court erred by not allowing him to take Amanda's deposition. In his third issue, he complains that the trial court erred by denying his right to trial by jury. In his brief, Philip asserts that the trial court refused to compel Amanda's deposition, but he failed to provide record citations that support this assertion. He also failed to provide case authority or analysis as to the trial court's alleged error in not allowing him to take Amanda's deposition. Although he provided a record citation that showed that the trial court granted Amanda's motion to strike Philip's jury demand, he failed to provide case authority or analysis as to the trial court's alleged error in striking his jury demand. As a result, we find that Philip's first and third issues are inadequately briefed and are, consequently, waived. *See RSL Funding, LLC*, 569 S.W.3d at 126. We overrule Philip's first and third issues.

5

## III. Disposition

Because all of Philip's appellate issues were either waived or not preserved, we affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     November 8, 2023
Date Decided:       November 15, 2023